IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DONOVAN LEMONT BOOKMAN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-540-A |
| | § | (NO. 4:05-CR-015-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Donovan Lemont Bookman under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Upon review of the papers pertaining to the above-captioned action, the court has concluded that the motion should be dismissed.

I.

Background

On February 16, 2005, movant was named in a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). CR Doc.[1] 1. On May 27, 2005, movant pleaded guilty. CR Doc. 12. By judgment imposed September 9, 2005, signed September 13, 2005, movant was sentenced to a term of imprisonment of 180 months. CR Doc. 27. Movant's judgment was vacated on appeal and the case was

---

[1] The "CR Doc." reference is to the number of the item on the docket in the underlying criminal case, No. 4:05-CR-015-A.

remanded for resentencing because the record did not disclose that the sequence of his prior convictions was properly established. CR Doc. 38. By judgment imposed on December 8, 2006, signed on December 13, 2006, the court again sentenced movant to a 180-month term of imprisonment. CR Doc. 49. He appealed again and his sentence was affirmed. CR Doc. 60.

On June 23, 2016, movant filed the motion now before the court. CR Doc. 63; Doc.[2] 1.

II.

Grounds of the Motion

Movant asserts three grounds in support of his motion, as follows:

> Ground One: Petitioner's conviction for Burglary of a Habitation under Texas Penal Code § 30.02(a) is not categorically a crime of violence after Johnson, 135 S. Ct. 2551 (2015), because it does not meet the requirements of the enumerated offense of Burglary, it does not involve the use or threatened use of force, and the residual clause of § 924(e) has been ruled to be unconstitutionally vague.
>
> Ground Two: Petitioner actually plead guilty to burglary of a habitation under § 30.02(a)(3), which is not a crime of violence under the residual clause after Johnson, 135 S. Ct. 2551 (2015), as the government has argued in United States v. Wilson, 2015 U.S. App. LEXIS 14371 (5th Cir. 2015).
>
> Ground Three: Burglary of a habitation can never be a ACCA predicate under either the categorical or modified

---

[2] The "Doc." reference is to the number of the item on the docket in this civil action.

> categorical [approach] as explained in Descamps, because Texas defines the term "habitation" to include vehicles. Under Descamps, this excludes this statute from being an ACCA predicate.

Doc. 1 at 7.

### III.

### Analysis

A. Applicable Legal Principles

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of

habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

As he admits, movant's time for filing a motion to vacate, set aside, or correct sentence has already expired. Thus, to pursue relief, movant must show that Johnson has been made retroactively applicable to his case. Specifically, section 2255 provides with regard to limitations:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of ---
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f)(3).

B.  Johnson does not apply.

The Supreme Court has made abundantly clear that the limitation period of § 2255 is to be strictly construed in accordance with the words used by Congress. Dodd v. United

4

States, 545 U.S. 353, 359 (2005). And, that is so even if the result is harsh. Id. See Fierro v. Cockrell, 294 F.3d 674, 684 (5th Cir. 2002)(noting that the limitations period is strictly applied and "subject only to the narrowest of exceptions").

The holding in Johnson is that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. In particular, the Court says that its decision does not call into question any other provision of the Act. Id. And, in Welch v. United States, the Court reminded: "Johnson considered the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii). The Court held *that provision* void for vagueness." 136 S. Ct. at 1260-61 (emphasis added). The Court concluded, "Johnson announced a substantive rule that has retroactive effect in cases on collateral review." Id. at 1268.

The right announced in Johnson specifically pertains to the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). Movant urges that his sentence must have been based on the residual clause, but he is mistaken. There is no evidence to support this claim. See Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)(movant bears the burden of establishing his claims by a preponderance of the evidence).

5

As the presentence report reflects, CR Doc. 54, the prior convictions upon which movant's ACCA sentence was based were for burglary of a habitation[3], which the Fifth Circuit has long recognized qualify as generic burglary[4] for the purposes of § 924(e). United States v. Constante, 544 F.3d 584, 585 (5th Cir. 2008). Movant stipulated to such a conviction in his factual resume, CR Doc. 20, which cautioned him that he could be sentenced under the ACCA. The law was clear that to qualify as generic "burglary" under § 924(e), the crime must have included as a basic element intent to commit a crime. Taylor v. United States, 495 U.S. 575 (1990). Under Taylor, a conviction under Texas Penal Code § 30.02(a)(1) would count as generic burglary, i.e., a violent felony under § 924(e), but a conviction under Texas Penal Code § 30.02(a)(3) would not. The presentence report, which implicitly recognizes movant's prior convictions as generic burglary convictions, is entitled to a presumption of correctness. United States v. Davis, 544 F. App'x 344 (5th Cir. 2013). Movant did not object to the characterization in the

---

[3] The court notes that movant had a separate conviction for burglary of a vehicle, but that did not count for ACCA purposes. CR Doc. 54.

[4] Movant's argument that burglary of a habitation cannot count as generic burglary, because the definition of habitation includes vehicles is erroneous. The statute clearly provides that the term includes only vehicles that are adapted for overnight accommodation; likewise, the term "vehicle" does not include those classified as habitations. Tex. Penal Code § 30.01. Clearly, breaking into a car is not burglary of a habitation under Texas law.

6

presentence report of his underlying burglary of a habitation convictions as violent felonies. That is, he did not question the element of intent. Rather, his appeal focused on the timing of the burglaries, arguing that they should be considered related cases, because "the burglaries took place within 26 days of each other, in close geographic proximity, and <u>as part of a common scheme or plan</u>." CR Doc. 60 at 2. Of course, to be part of a common scheme or plan, there must have been intent on movant's part.

At the time movant's sentence was imposed, neither the court nor anyone else would have thought or understood that movant was being sentenced based on the residual clause. The record would certainly not support such a contention. Movant offers nothing but speculation to support his argument. Because he cannot establish a right to relief under <u>Johnson</u>, movant's motion is untimely and must be dismissed.

IV.

Order

For the reasons discussed herein,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, dismissed as untimely.

7

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 27, 2016.

_____
JOHN McBRYDE
United States District Judge